O’Neill, J.
Tbe city of Cincinnati offered no evidence
concerning its personal property or tbe use thereof. According to tbe entry of tbe Board of Tax Appeals, tbe assessed property consisted of “ electric signs, parking meters, inter *111 com equipment, safes, time clocks and time card racks, cash, registers, Duncan coin boxes, office and waiting room equipment used in three off-street parking garages, one of which is operated by the appellant and known as the Seventh Street Garage, one leased by the appellant at Sixth and Elm Streets in the city of Cincinnati to Market Parking, Inc., and the garage situated at the corner of Fourth and Elm Streets in the city of Cincinnati leased to Systems Parking, Inc.”
The Board of Tax Appeals found:
“* * * the bulk of the items are not used by the city of Cincinnati but are leased to, and used by, two private corporations, to wit, Market Parking, Inc., and Systems Parking, Inc., to operate off-street parking facilities for automobiles. It is therefore clear that said property is being used in business [within the meaning of Section 5709.01, Revised Code].”
There is no dispute as to the actual use or valuation of this property.
The question before this court for determination is whether the city’s tangible personal property here involved was subject to the tax on tangible personal property for the years 1958, 1959, 1960 and 1961.
The appellant’s position is that this property is exempt from taxation by reason of the provisions of Section 2, Article XII of the Ohio Constitution, and Section 5709.08, Revised Code, upon the ground that it is public property used exclusively for a public purpose.
There is no question that this is public property owned by the city of Cincinnati, and that it is used for a public purpose.
It should be noted that, under the provisions of Section 717.05, Revised Code, real estate acquired for off-street parking facilities is not tax exempt.
The reasoning which should be used in determining the proper rule of law in this case is that which was set forth in the case of City of Columbus v. County of Franklin, 167 Ohio St., 256. That reasoning appears in Judge Thomas J. Herbert’s opinion at pages 258 to 261.
There, the city of Columbus had acquired, under the provisions of its charter, real estate to be used as the site of a municipally owned parking garage. The city made applica *112 tion to the Board of Tax Appeals of Ohio for tax exemption under the provisions of the Constitution, Section 2 of Article XII, and Section 5709.08, Revised Code, contending that this land was public property used exclusively for a public purpose and, therefore, should be exempt and not subject to the provisions of Section 717.05, Revised Code, for the reason that the land was not acquired under that section, but rather under the provisions of the city charter.
In that case, Judge Herbert said, at page 260:
“There is no question that the property involved here is public property used for a public purpose, within the meaning of Section 5709.08, Revised Code, but we must go further and ascertain the legislative intent in this area of tax exemption. We think this intent was made clear in 1947 when the Legislature enacted what now appears as Section 717.05, Revised Code.
‘ ‘ Clearly, a city may acquire real estate for off-street parking purposes under the authority of that section, and in such case it would be controlled by the provisions that such real estate shall not be tax exempt. For this court to hold, however, that a city might avoid the effect of this legislative intent by acquiring real property for an identical use in the exercise of its home-rule power (see State, ex rel. Gordon, v. Rhodes, supra [156 Ohio St., 81]), and thereupon claim exemption under the broad provisions of Section 5709.08, Revised Code, would lead to a discrimination and legal absurdity not to be contemplated * *
Here, the land upon which the city of Cincinnati garages were constructed and are operated is not exempt from taxation. It would appear to be manifestly inconsistent with and contrary to the intent of the Legislature to arrive at the conclusion that the tangible personal property used in operating these same garages is tax exempt. The intent of the Legislature in this area should prevail, and, although this is public property used for a public purpose, it is not used for such a public purpose in the light of the intent of the Legislature as expressed in Section 717.05, supra, as to make this tangible personal property exempt from taxation under the broad provisions of Section 5709.08, supra.
*113 This property is taxable under the provisions of Section 5709.01, Revised Code.
The decision of the Board of Tax Appeals is, therefore, affirmed.

Decision affirmed.

Taet, C. J., Zimmerman, Jones, Grieeith, Herbert and Gibson, JJ., concur.
Jones, J., of the Seventh Appellate District, sitting by designation in the place and stead of Matthias, J.